## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## AT LAFAYETTE

**BOBBY FELIX SIMMONS**

     **Plaintiff,**

**VERSUS**

**CITY OF MAMOU, GREG DUPUIS
individually, and in his official capacity as
Chief of Police of the Mamou Police
Department, TODD ORTIS, individually and
in his official capacity as an officer with the
Mamou Police Department; ALBERT
MOORE, individually and in his official
capacity as an officer with the Mamou Police
Department; DAVID CHARLIE, individually
and in his official capacity as an officer with
the Mamou Police Department; LUCAS
LAVERGNE, individually and in his official
capacity as an officer with the Mamou Police
Department.**

     **Defendants.**

**CIVIL ACTION NUMBER:**
**JUDGE:**
**MAGISTRATE:**


## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, BOBBY

SIMMONS, who respectfully represents:

## I. JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this case involves a

   question of constitutional law and is brought pursuant to federal statute 42 U.S.C. § 1983.

   Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b). At all times relevant, all

   parties were residents of this District.

## II.  **PARTIES**

2.  Plaintiff is BOBBY SIMMONS, a person of full age of majority and domiciled in the city of Pine Prairie, parish of Evangeline, state of Louisiana.

3.  Defendants are:

    a.    CITY OF MAMOU, a body corporate and political subdivision of the state of Louisiana; it is able to sue and be sued in its own name.

    b.    GREG DUPUIS, an individual who is, and at all times relevant hereto, was, the duly elected Chief of Police, Mamou Police Department. He is sued in his individual and official capacities.

    c.    TODD ORTIS, an individual who is, and at all times relevant hereto, was, a detective employed by the Mamou Police Department. He is sued in his individual and official capacities.

    d.    ALBERT MOORE, an individual who is, and at all times relevant hereto, was, an officer with the Mamou Police Department. He is sued in his individual and official capacities.

    e.    DAVID CHARLIE, an individual who is, and at all times relevant hereto, was an officer with the Mamou Police Department. He is sued individually and in his official capacities.

    f.    LUCAS LAVERGNE, an individual who is, and at all times relevant hereto, was an officer with the Mamou Police Department. He is sued individually and in his official capacities.

## III.  **FACTS**

4.  Bobby Simmons is a veteran officer of the Abbeville and Franklin police departments.

5.  In May of 2008 Mr. Simmons learned that Defendant Mamou Police Chief Greg Dupuis had received a DWI, and had otherwise abused his authority of office through other improper acts.

6. Mr. Simmons sent an email to *The Ville Platte Gazette*, advising of what he had heard, and inquiring as to why a story had not been published regarding same.

7. On May 21, 2008 Mr. Simmons was arrested at his then home in Franklin, Louisiana. He was told he was being arrested for "criminal defamation." The Franklin police officer who arrested him said he was executing a warrant for the Mamou Police Department.

8. Mr. Simmons was booked into the Franklin city jail, and handcuffed to the wall. He was told that bond had been set by the Honorable Judge Fuselier of the Louisiana 13th Judicial District Court, but that he could not able to bond out because Mamou Chief of Police Dupuis did not want him to bond out.

9. Mr. Simmons has terminal pulmonary fibrosis and requires breathing treatments every four hours.

10. Mr. Simmons advised the supervisor at the Franklin jail that he needed his breathing medications, but he refused to provide them.

11. A few hours later, Defendant Moore of the Mamou Police Department arrived, cuffed Mr. Simmons, and drove him to the Mamou jail. Mr. Simmons told Defendant Moore that he could not breathe and had missed two breathing treatments, so Moore rolled down the window of the vehicle. Defendant Moore did not provide Mr. Simmons with any medical care. Defendant Moore also told Simmons that Chief Dupuis would not allow Mr. Simmons to bond out.

12. At the Mamou jail, Mr. Simmons was again cuffed to the wall. He and again was refused release from Defendants Charlie and Lavergne, on orders of Chief Dupuis.

13. Despite telling Charlie and Lavergne that he had a terminal lung condition and needed medication, he was placed in an empty cell, and offered neither food, water or medication.

3

14. Five hours later, Simmons begged for an ambulance when checked on by a guard, because he could not breathe and was having chest pains.

15. A half hour later he was transferred to the parish jail in Ville Platte, and allowed to bond out.

16. Throughout the course of these events, Mrs. Simmons was attempting to get medication to her husband, and to bail him out of jail, but was not allowed to do so by the Defendants.

17. In an article chronicling Mr. Simmons' arrest, Chief Dupuis offered a $500 cash reward for information leading to the arrest of anyone else caught "spreading rumors" about him. On May 27th, 2008, in the Ville Platte Gazette, Chief Dupuis was quoted as saying "Anyone with information regarding these unfounded remarks can freely contact me at my office at the Mamou Police Department or come by my home. As stated previously, I am offering 'personally' $500 for information leading to the people responsible for these ridiculous rumors and your information will remain completely anonymous."

18. In the same article, Defendant Todd Ortis indicated that additional arrests may be forthcoming.

19. These actions were obviously taken in retaliation for the exercise of free speech, and with the intention to chill speech in the future.

20. The actions of the Defendants have caused harm to Mr. and Mrs. Simmons.

## IV. STATEMENT OF THE CLAIM

21. Defendants violated the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, by unlawfully arresting and detaining Mr. Simmons for exercising his right to free speech, and by failing to provide him with adequate medical care.

4

22. Mr. Simmons has a constitutional right to communicate with a newspaper, pursuant to the first amendment to the United States Constitution. His right to free speech is additionally protected because the individual about whom he was speaking is a public figure. Mr. Simmons believes the information he provided to be true. The actions of the Defendants in arresting him for his speech were unlawful.

23. Mr. Simmons has a constitutional right to be free from unlawful arrest. Defendants knew or should have known that there was no lawful basis for detaining Mr. Simmons, and that his arrest violated his protection against unlawful search and seizure provided in the fourth amendment to the United States Constitution. The actions of the Defendants in detaining his person and denying him bond were unlawful.

24. Mr. Simmons has a fourteenth amendment right to medical care while in jail. The Defendants had specific knowledge that he needed care, yet acted with deliberate indifference to his serious medical need. The actions of the Defendants in denying him medical care were unlawful.

25. At all times, Defendants were acting under color of state law within the meaning of 42 U.S.C. § 1983.

26. 42 U.S.C. § 1983 provides Mr. Simmons redress for the deprivation of his rights guaranteed under the United States Constitution.

## V.     RELIEF

27. WHEREFORE, Plaintiff prays that the Court:

    a.   Enter a declaratory judgment that the aforementioned facts and practices of Defendants are in violation of the Constitution.

    b.   Enter judgment herein in favor of Plaintiff, and against Defendants, awarding him

compensatory, punitive and nominal damages in an amount deemed fair and

equitable.

c.  Enter judgment herein permanently enjoining the aforementioned policies and

practices of Defendants as violative of the Constitution.

d.  Award Plaintiff the cost of this litigation, together with reasonable attorneys' fees

pursuant to 42 U.S.C. § 1988.

Respectfully submitted:


**DAVID BENOIT (# 18788), TA**
**420 Berard Street**
**Breaux Bridge, LA 70517**
**PH:   (337) 332-6666**
**FAX: (337) 332-4559**
**Cooperating Attorney for the**
**American Civil Liberties Union**
**Foundation of Louisiana**


**KATIE SCHWARTZMANN (#30295)**
**P.O. Box 56157**
**New Orleans, La 70156**
**PH:   (504) 592-8056**
**FAX: (888) 534-2996**
**Legal Director for the American Civil**
**Liberties Union Foundation of**
**Louisiana**