RECEIVED
OCT - 8 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| BOBBY FELIX SIMMONS | CIVIL ACTION NO. 09-0663 |
| VERSUS | JUDGE DOHERTY |
| CITY OF MAMOU, ET AL. | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING

Pending before the Court is the Motion to Strike Penalty, Punitive or Exemplary Damages [Doc. 10] filed by defendants the Town of Mamou, Greg Dupuis, Todd Ortis, Albert Moore, David Charlie, and Lucas Lavergne. The motion is opposed by plaintiff Bobby Felix Simmons ("plaintiff"). For the following reasons, the motion is GRANTED IN PART AND DENIED IN PART.

**I.   Factual Background**

Plaintiff filed the instant civil rights lawsuit in this Court pursuant to 42 U.S.C. §1983 alleging violations of his First, Fourth, Fifth, and Fourteenth Amendment rights under the United States Constitution. Specifically, plaintiff alleges he was arrested and detained after he sent an email to *The Ville Platte Gazette*, advising he had heard Mamou Police Chief Greg Dupuis, a defendant in this matter, had received a DWI and had "otherwise abused his authority through improper acts." Plaintiff inquired of the newspaper why a story had not been published regarding these events. Plaintiff alleges he was thereafter arrested for "criminal defamation" and was held in the Franklin city jail, where he was held without bond for a period of time without his medication. Plaintiff sued the Town of Mamou and several law enforcement officers in their individual and official capacities.

Plaintiff seeks, *inter alia,* a declaratory judgment that the defendants have violated his constitutional rights, a judgment permanently enjoining the aforementioned policies and practices, as well as compensatory and punitive damages. It does not appear from the face of plaintiff's complaint that he is alleging any violations of Louisiana state law.

## II. Law and Analysis

In the instant motion, defendants move to strike plaintiff's request for punitive damages, noting punitive damages are not recoverable against municipalities or officers acting in their official capacities in an action brought pursuant to 42 U.S.C. §1983. In his opposition brief, plaintiff clarifies he is not seeking punitive damages against the Town of Mamou, Rather, plaintiff asserts he is seeking punitive damages against the officers in their individual capacities.

The defendants do not indicate whether they seek to strike pursuant to Rule 12(f) of the Federal Rules of Civil Procedure or Rule 12(b)(6). This Court concludes the result would be the same under either standard.

### A. Rule 12(f) Standard

Rule 12(f) of the Federal Rules of Civil Procedure provides that "the court may strike from a pleading . . . *any redundant, immaterial, impertinent, or scandalous matter.*" Fed. R. Civ. P. 12(f) (emphasis added). Although there is a dearth of Fifth Circuit jurisprudence addressing motions to strike in any detail, this Court notes the well-established rule in the Fifth Circuit that motions to strike under Rule 12(f) are "a drastic remedy to be resorted to only when required for the purposes of justice...." *See, e.g, Augustus v. Board of Pub. Instruction of Escambia County,* 306 F.2d 862, 868 (5th Cir.1962) (*quoting Brown & Williamson Tobacco Corp. v. United States,* 201 F.2d 819, 822 (6th Cir.1953). *See also Turner v. Ethicon Endo-Surgery, Inc.,* 2003 WL 22872103 (E.D.La. Dec.2,

2003) (noting motions to strike are disfavored and courts grant them infrequently). Accordingly, other district courts have determined such a motion should be granted only when "the allegations are prejudicial to the defendant or immaterial to the lawsuit." *Johnson v. Harvey,* 1998 WL 596745, at *7 (E.D.La.1998) (*quoting Veazie v. Southern Greyhound Lines,* 374 F.Supp. 811, 815 (E.D.La.1994)). *See also Boyd's Bit Service, Inc. v. Specialty Rental Tool & Supply, Inc.,* 332 F.Supp.2d 938, 944 (W.D.La.,2004) (J. Melancon) (motions to strike are disfavored and will usually be denied unless the allegations have no possible relevance to the controversy and may cause prejudice to one of the parties).[1]

### B. Rule 12(b)(6) Standard

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir.2007) (internal quotations omitted), *quoting Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir.2004). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Breaches Litig.,* 495 F.3d at 205, *quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id., quoting Bell Atl.,* 127 S.Ct. at 1965. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell*

---

[1] This Court is not bound by the opinions of other district court but notes the district court opinions are cited here because of a lack of Fifth Circuit opinions addressing this issue in any detail, and shed light on how other district courts have addressed this issue.

3

*Atl.*, 127 S.Ct. at 1964-65 (citations, quotation marks, and brackets omitted) (emphasis added). *See also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

Determining whether a complaint states a plausible claim for relief is, therefore, a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Ashcroft*, 129 S.Ct. at 1950. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *Id.* at 1950. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.*

### C. Analysis of Instant Motion

First, this Court notes it is well-established punitive damages cannot be imposed against a municipality in a §1983 action. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981). *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981). Additionally, official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *See, e.g., Kentucky v. Graham*, 473 U.S. 159, 165-166, 105 S.Ct. 3099, 3105 (1985), citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n.55, 98 S.Ct. 2018, 2035, n.55, 56 L.Ed.2d 611 (1978). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." . . . "It is *not* a suit against the official personally, for the real party in interest is the entity." *Id.* Therefore, in the instant case, the claims alleged against the officers in their official capacities are to be treated by this Court as claims against the Town of Mamou. Therefore, for the same reason the plaintiff cannot recover punitive damages against the Town of Mamou, he cannot recover punitive damages against the officers sued in official capacities.

Plaintiff, however, clarifies he is seeking punitive damages against the defendants in their individual capacities only. In response, defendants contend the defendant officers were acting in the discharge of their official duties, and that a finding of punitive damages against them would be tantamount to a finding against the Town of Mamou. However, the jurisprudence does not support the defendants' argument. Rather, the jurisprudence permits awards of punitive damages against officers sued in their individual capacities. *See, e.g., City of Newport v. Fact Concerts, Inc.*, 453 U.S. at 269 ("By allowing juries and courts to assess punitive damages in appropriate circumstances against the offending official, based on his personal financial resources, the statute directly advances the public's interest in preventing repeated constitutional deprivations..."). *See also Kentucky v. Graham*, 473 U.S. 159, 167, 105 S.Ct. 3099, 3106 n.13 (1985) (although "punitive damages are not available under §1983 from a municipality . . . [they] are available in a suit against an official personally," *citing Smith v. Wade*, 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983).

Defendants' final argument is that punitive damages are not allowed in civil cases unless specifically provided for by statute. Because there is no specific statutory provision for an award of punitive damages under the facts presented herein, defendants argue plaintiff has no claim for punitive damages *under Louisiana law.* Defendants cite *International Harvester Credit Corp v. Seale*, 518 So. 2d 1039, 1041 (La. 1988) in support of its position. Additionally, defendants argue the Supremacy Clause of the United States Constitution, Article VI, Section 2, requires that this Court be bound by the decisions of the United States Supreme Court and all claims for punitive damages against these defendant under federal laws should be stricken.

Defendants' argument is unpersuasive. First, this Court notes the *International Harvester* decision concerns the interpretation of a statute that provided for the liability of a manufacturer upon

the manufacturer's failure to timely repurchase from the retailer farm equipment and repair parts following cancellation or discontinuance of a written contract between the parties. Thus, the case does not involve Section 1983 in any way, and this Court concludes it is not applicable in the instant matter, particularly in light of the fact that since the *International Harvester* decision, the United States Supreme Court has decided *Smith v. Wade,* 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983), wherein the Court held punitive damages *are* recoverable under §1983 "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *See Smith,* 461 U.S. at 56, 103 S.Ct. at 1640. Given the Supreme Court's holding in *Smith,* the Louisiana Supreme Court has overruled its prior ruling in *Ricard v. State,* 390 So. 2d 882 (La. 1980), which had held to the contrary, and has held punitive damages are indeed recoverable in a suit filed in a Louisiana state court alleging a violation of 42 U.S.C. §1983. *See Booze v. City of Alexandria,* 637 So.2d 91, 92 (La. 1994). Although the instant lawsuit was filed directly in federal court, this Court concludes the rule of *Smith* is equally applicable in this action. Should the plaintiff ultimately prove the defendant officers' conduct was "motivated by evil motive or intent," or "involved reckless or callous indifferent to the federally protected rights" of the plaintiff, plaintiff could, potentially, be entitled to punitive damages.

Considering the foregoing, whether the instant motion is analyzed under either Rule 12(f) or Rule 12(b)(6), this Court concludes while it is proper to strike plaintiff's request for punitive damages against the Town of Mamou and the defendant officers in their official capacities, it is not proper to strike the request for punitive damages against the defendant officers in their individual capacities.

Therefore, IT IS ORDERED that the Motion to Strike Penalty, Punitive or Exemplary

Damages [Doc. 10] is GRANTED IN PART AND DENIED IN PART. Defendants' motion to strike plaintiff's request for punitive damages against the Town of Mamou and the defendant officers in their official capacities is GRANTED, however, defendants' motion to strike the request for punitive damages against the defendant officers in their individual capacities is DENIED.

THUS DONE AND SIGNED in Lafayette, Louisiana, this ____ day of October, 2009.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE