UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

BOBBY FELIX SIMMONS

VERSUS                                :        CIVIL ACTION NO. 09-CV-00663

CITY OF MAMOU, ET AL          :        JUDGE DOHERTY,
                                                        MAG. JUDGE METHVIN

: : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : :

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
ANSWERS TO DISCOVERY AND TO ASSESS ATTORNEY'S FEES**

MAY IT PLEASE THE COURT:

The above entitled and numbered cause arises out of a claim filed by plaintiff. Shortly after the filing of the original Complaint and the appropriate responsive pleadings thereto, defendants, the TOWN OF MAMOU; CHIEF GREG DUPUIS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE OF THE TOWN OF MAMOU; OFFICER TODD ORTIS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE TOWN OF MAMOU; OFFICER ALBERT MOORE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE TOWN OF MAMOU; OFFICER DAVID CHARLIE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE TOWN OF MAMOU; and OFFICER LUCAS LAVERGNE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE TOWN OF MAMOU, propounded Interrogatories and Request for Production of Documents to plaintiff. Those discovery pleadings were forwarded to counsel for plaintiff on September 1, 2009, and were propounded pursuant to Federal Rules of Civil Procedure 33 and

34. While plaintiff did respond to defendants' discovery requests on November 11, 2009, said responses were insufficient in the following specific particulars:

1. **Interrogatory No. 7** is insufficient because we asked for the names and addresses of Mr. Simmons' employers and he only provided the names, he did not provide the addresses of the employers. Please provide us with the addresses of each employer listed.

2. **Request for Production No. 1** is insufficient because plaintiff claims he has no documents that are responsive to this request and defendant is entitled to know of any special expenses, costs, or losses with regard to this litigation.

3. **Request for Production No. 2** is insufficient. We asked for copies of all medical reports, letters, opinions or memoranda from any physician, surgeon, hospital, clinic, medical specialist, or any other health care provider, regarding or relating in any way to the alleged injuries of plaintiff or regarding or relating in any way to the alleged incident sued upon. Defendant is entitled to copies that are in the possession of the plaintiff.

4. **Request for Production No. 3** is insufficient. We asked for all evidence of special expenses, costs or losses resulting in any way to the alleged incident sued upon, including copies of all medical bills, statements or receipts from physicians, from pharmacies, clinics, hospitals and any and all other bills, statements, invoices, receipts, estimates or evidence of charges, expenses or loss which represents in any way special expenses sued for or for which recovery is sought in this lawsuit. Defendant is entitled to copies that are in the possession of the plaintiff.

5. **Request for Production No. 4** is insufficient. We asked for all other evidence of special damages or expenses, including lost wages or income. Defendant is entitled to proof of lost wages and/or income, as well as other special damages or expenses.

6. **Request for Production No. 5** is insufficient. We asked for the production of copies of all exhibits or materials which you identified in response to Interrogatory No. 15. and we have not been given this.

7. **Request for Production No. 14** is insufficient. We asked for the production of copies of all federal and state income tax returns and W-2 and K-1 forms for plaintiff for the last five (5) years. Plaintiff should be able to provide copies to the defendants.

8. **Request for Production No. 16** is insufficient.  We asked for copies of all memorialized statements (written, oral, videotape or otherwise) taken from any party and/or witness, including any employee of the defendants.  Defendants are entitled to any such evidence.

9. **Request for Production No. 17** is insufficient.  We asked for copies of all exhibits or material which will or may be used by you at the trial of this matter, including statements, reports, letters or other memorialization from any other person(s) who have not been identified as experts in this case. Defendants are entitled to any such evidence.

These specific deficiencies were pointed out to counsel for plaintiff in a face to face 37.1 Conference held on November 17, 2009, at plaintiff's deposition.  Furthermore, defense counsel attempted to resolve this discovery dispute with the November 18, 2009, letter.  Despite these efforts, no supplemental responses have been received, and plaintiff has failed to provide supplemental responses to defendants' discovery.

Since more than thirty (30) days have elapsed since the propounding of those discovery pleadings, it is respectfully submitted that pursuant to Federal Rule of Civil Procedure 37 defendants are entitled to such an order.

Additionally, according to Federal Rule of Civil Procedure 37, defendants are also entitled to reasonable expenses incurred in obtaining this order, including attorney's fees incurred in connection therewith.

Accordingly, defendants pray that this Motion be granted, requiring plaintiff to more fully respond to the aforementioned discovery, and that defendants be awarded all expenses and attorney fees in connection with the filing of this motion, and for all general and equitable relief, etc.

BORNE & WILKES, L.L.P.

BY:     s/John F. Wilkes, III
JOHN F. WILKES, III (Bar Roll #1644), T.A.
JOY C. RABALAIS (Bar Roll #26476)
RAY F. LUCAS, III (Bar Roll #27558)
200 West Congress Street, Suite 1000
Post Office Box 4305
Lafayette, Louisiana  70502-4305
Telephone:  (337)  232-1604 Ext. 224
Facsimile:  (337) 232-1837
E-mail:  wilkes@bornewilkes.com

ATTORNEYS FOR the TOWN OF MAMOU; CHIEF GREG DUPUIS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE OF THE TOWN OF MAMOU; OFFICER TODD ORTIS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE TOWN OF MAMOU; OFFICER ALBERT MOORE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE TOWN OF MAMOU; OFFICER DAVID CHARLIE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE TOWN OF MAMOU; and OFFICER LUCAS LAVERGNE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE TOWN OF MAMOU

<u>CERTIFICATE</u>

     I HEREBY CERTIFY that on December 17, 2009, a copy of the foregoing Memorandum in Support of Motion to Compel Answers to Discovery and to Assess Attorney's Fees was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Ms. Katharine Murphy Schwartzmann and Mr. David D. Benoit by operation of the court's electronic filing system.

                                       s/John F. Wilkes, III
                                       JOHN F. WILKES, III
                                       BORNE & WILKES, L.L.P.
                                       Attorney for Defendants