UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

BOBBY FELIX SIMMONS                    CIVIL ACTION NO. 09-CV-0663

VS.                                    JUDGE DOHERTY

                                       MAGISTRATE JUDGE HANNA
CITY OF MAMOU, ET AL.

### RULE 7(a) HEIGHTENED PLEADING REVIEW AND ORDER

In this §1983 civil rights suit, plaintiff has sued defendants Chief of Police

Greg Dupuis, Detective Todd Ortis, Officer Albert Moore, Officer David Charlie,

and Officer Lucas Lavergne in their individual capacities.  In their answer, these

defendants plead qualified immunity.  The undersigned has therefore conducted an

evaluation of plaintiff's complaint to determine whether it meets the applicable

heightened pleading requirement.  *See* Schultea v. Wood, 47 F.3d 1427, (5th Cir.

1995); Baker v. Putnal, 75 F.3d 190, 195 (5th Cir. 1996).

Plaintiff claims that he was falsely arrested without probable cause on a

charge of criminal defamation for allegedly spreading rumors about Police Chief

Dupuis.  He alleges violations of his First Amendment right to freedom of speech,

the Fourth Amendment and claims that defendants were deliberately indifferent to

2

his serious medical needs. Plaintiff bases his claims on the following allegations of fact:

In May of 2008, plaintiff learned that Defendant Mamou Police Chief Dupuis had received a DUI and had otherwise abused his authority.  Plaintiff sent an e-mail to *The Ville Platte Gazette*, advising of this information and questioning why a story had not been printed.  Plaintiff was arrested at his home on May 21, 2008 and was told that he was being arrested on a warrant for the Mamou Police Department and charged with "criminal defamation."  He was booked into the Franklin jail, and handcuffed to the wall.  Plaintiff was told that Judge Fuselier of the 13th Judicial District Court had set bond but but he could not bond out because Chief Dupuis did not want to let him out.  Plaintiff has terminal pulmonary fibrosis and requires breathing treatments every four hours.  He advised the Franklin jail supervisor that he needed the medications but was refused them.

A few hours later, defendant Officer Moore arrived, cuffed him, and drove him to the Mamou jail.  During the ride, plaintiff told Officer Moore that he could not breathe, and had missed two breathing treatments.  In response, Moore rolled down the window and would not give him medical care.  Officer Moore also told him that Chief Dupuis would not allow him to bond out.

3

Plaintiff was again cuffed to the wall at the Mamou jail.  Officers Charlie and Lavergne again refused him release on orders of Chief Dupuis.  Despite having told Officers Charlie and Lavergne that he had a terminal lung condition and needed medication, plaintiff was placed in an empty cell and was not offered food, water or medication.

Five hours later, plaintiff begged for an ambulance when a guard checked on him because he was having chest pains and could not breathe.  A half-hour later, he was transferred to the Ville Platte parish jail and allowed to bond out. Throughout the day, Mrs. Simmons had been attempting to get medication to him and get him out of jail, but was not allowed to do so by defendants.

In an article about Simmons's arrest, Chief Dupuis offered a cash reward for information leading to the arrest of anyone else who was "spreading rumors" about him.  Chief Dupuis was quoted in the Ville Platte Gazette on May 27, 2008 as saying:

> Anyone with information regarding these unfounded remarks can freely contact me at my office at the Mamou Police Department or come by my home.  As stated previously, I am offering 'personally' $500 for information leading to the people responsible for these ridiculous rumors and your information will remain completely anonymous.

4

Plaintiff claims that, in the same article, defendant Officer Ortis indicated that additional arrests would be forthcoming.

### ANALYSIS

"Deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).[1]  To establish this threshold Eighth Amendment violation, plaintiff must demonstrate that defendant was deliberately indifferent to his serious medical needs.  Deliberate indifference is "an extremely high standard" that encompasses "only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." Stewart v. Murphy, 174 F.3d 530 (5th Cir.1999).  Negligent medical care does not give rise to a § 1983 claim, and a delay in medical care is actionable only "if there has been deliberate indifference, which results in substantial harm." Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir.1993).  The Supreme Court has

---

[1] The claim of a convicted prisoner is judged against the Eighth Amendment "cruel and unusual punishment" standard, which includes the "deliberate indifference" standard.  The claim of a pre-trial detainee is analyzed under a similar standard set forth in Nerren v. Livingston Police Dept., 86 F.3d 469 (5th Cir. 1996), which defined subjective deliberate indifference as "subjective knowledge of a substantial risk of serious medical harm, followed by a response of deliberate indifference."  Nerren, 86 F.3d at 473.

5

adopted a subjective standard for deliberate indifference. "[A] prison official

cannot be found liable under the Eighth Amendment ... unless the official knows

of and disregards an excessive risk to inmate health or safety; the official must

both be aware of facts from which the inference could be drawn that a substantial

risk of serious harm exists, and he must also draw the inference."  Farmer v.

Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *see also*

Lawson v. Dallas County, 286 F.3d 257, 262 (5th Cir.2002)("The deliberate

indifference standard is a subjective inquiry; the plaintiff must establish that the

jail officials were actually aware of the risk, yet consciously disregarded it.").

Plaintiff's allegations that his pleas for medical assistance were ignored

raise genuine issues regarding the illegality of defendants' Moore, Charlie and

Lavergne's conduct.  Further, plaintiff's allegations Chief Dupuis had him arrested

without probable cause and then issued orders to Officers Charlie and Lavergne to

hold him even though a judge had allowed him to bond out, which were carried

out by the officers, raises genuine issues as to the legality of their actions. Thus,

the undersigned concludes that plaintiffs have "supported [their] claim[s] with

sufficient precision and factual specificity to raise a genuine issue as to the

illegality of defendant[s Dupuis, Moore, Charlie and Lavergne's] conduct at the

6

time of the alleged acts." <u>Schultea</u>, 47 F.3d at 1434.  Plaintiff has therefore met

the heightened pleading requirement and no Rule 7(a) Order is necessary as to

these defendants.  For the same reason, no order limiting discovery under <u>Schultea</u>

is appropriate.[2]

However, the sole claim against Officer Ortis is that, in the article in which

Chief Dupuis sought information about people allegedly spreading rumors about

him, Officer Ortis "indicated that additional arrests may be forthcoming."[3]

**IT IS HEREBY ORDERED** that **on or before March 24, 2010**, plaintiff

shall file a reply to the qualified immunity defense pled by the defendant Officer

Ortis.  The reply must allege with specificity the constitutional rights that were

---

[2] The Fifth Circuit in <u>Schultea</u> stated:

The district court may ban discovery at this threshold pleading stage
and may limit any necessary discovery to the defense of qualified
immunity.  The district court need not allow any discovery unless it
finds that plaintiff has supported his claim with sufficient precision
and factual specificity to raise a genuine issue as to the illegality of
defendant's conduct at the time of the alleged acts.  Even if such
limited discovery is allowed, at its end, the court can again determine
whether the case can proceed and consider any motions for summary
judgment under Rule 56.

<u>Schultea</u>, 47 F.3d at 1432-34.

[3] Complaint, Rec. Doc. 1, para. 19.

7

violated, the facts that support these allegations, the persons involved in these

alleged violations, and the reasons that the asserted defense of qualified immunity

is inapplicable.

**IT IS FURTHER ORDERED** that defendant shall not file any response to

plaintiff's reply; any response filed will be disregarded.[4]  The purpose of this order

is to determine whether discovery should be banned or limited pending the filing

by defendant of a motion to dismiss under Rule 12(b), or, alternatively, a motion

for summary judgment.  This process does not absolve defendant from filing a

timely motion to dismiss or motion for summary judgment on the qualified

immunity issue. Schultea, 47 F.3d at 1432-34.

Signed at Lafayette, Louisiana on March 4th, 2010.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

---

[4] This order does not apply to filing an answer to the amended complaint.