UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| BOBBY FELIX SIMMONS | CIVIL ACTION NO. 09-CV-0663 |
| VS. | JUDGE DOHERTY |
| CITY OF MAMOU, ET AL. | MAGISTRATE JUDGE HANNA |

*RULE 7(a) HEIGHTENED PLEADING REVIEW AND ORDER*

In this §1983 civil rights suit, the plaintiff sued defendants Chief of Police Greg Dupuis, Detective Todd Ortis, Officer Albert Moore, Officer David Charlie, and Officer Lucas Lavergne in their individual capacities. In their answer, these defendants pled qualified immunity. Therefore, the undersigned conducted an evaluation of the plaintiff's complaint to determine whether it meets the applicable heightened pleading requirement.[1] The undersigned determined that the plaintiff has met the heightened pleading requirement with regard to the allegations concerning Dupuis, Moore, Charlie, and Lavergne, but the undersigned ordered the plaintiff to file a reply concerning Officer Ortis's qualified immunity defense. (Rec. Doc. 31). The reply was filed (Rec. Doc. 32), and the undersigned has evaluated the complaint, together with the reply, to determine whether the plaintiff

---

[1] *See Schultea v. Wood*, 47 F.3d 1427, (5th Cir. 1995); *Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996).

has met the applicable heightened pleading requirement with regard to Officer Ortis.

## Factual Background

In his complaint, the plaintiff claims that he was falsely arrested without probable cause on a charge of criminal defamation for allegedly spreading rumors about Police Chief Dupuis. He claims that he was arrested without probable cause in violation of the Fourth Amendment, that his free speech rights protected by the First Amendment were violated, and that the defendants were deliberately indifferent to his serious medical needs.

More particularly, the complaint filed in this lawsuit indicates that, in May of 2008, plaintiff learned that Defendant Mamou Police Chief Dupuis had received a DUI and had otherwise abused his authority. The plaintiff e-mailed the *Ville Platte Gazette*, advising of this information and questioning why a story had not been printed. The plaintiff was arrested at his home on May 21, 2008, and he was told that he was being arrested on a warrant for the Mamou Police Department and charged with "criminal defamation." He was booked into the Franklin jail, handcuffed to the wall, and told that defendant Chief Dupuis would not permit him to bond out. The plaintiff has terminal pulmonary fibrosis and requires breathing

3

treatments every four hours. He advised the Franklin jail supervisor that he needed the medications, but no treatments were provided.

A few hours later, defendant Officer Moore arrived, cuffed the plaintiff, and drove him to the Mamou jail. During the ride, the plaintiff told Officer Moore that he could not breathe, and had already missed two breathing treatments. In response, Moore rolled down the window but would not obtain any medical care for the plaintiff. Officer Moore also told the plaintiff that Chief Dupuis would not allow him to bond out.

At the Mamou jail, the plaintiff was again handcuffed to the wall. Officers Charlie and Lavergne again refused to release him, citing orders from Chief Dupuis. Despite having told Officers Charlie and Lavergne that he had a terminal lung condition and needed medication, the plaintiff was placed in an empty cell and was not offered food, water, or medication.

Five hours later, the plaintiff begged for an ambulance when a guard checked on him because he was having chest pains and could not breathe. A half hour later, he was transferred to the Ville Platte parish jail and allowed to bond out. Throughout the day, Mrs. Simmons had been attempting to get medication to her husband and get him out of jail, but the defendants stymied her efforts.

4

In an article about Simmons's arrest, Chief Dupuis offered a cash reward for information leading to the arrest of anyone else who was "spreading rumors" about him. Chief Dupuis was quoted in the *Ville Platte Gazette* on May 27, 2008 as saying:

> Anyone with information regarding these unfounded remarks can freely contact me at my office at the Mamou Police Department or come by my home. As stated previously, I am offering 'personally' $500 for information leading to the people responsible for these ridiculous rumors and your information will remain completely anonymous.

The plaintiff claims that, in the same article, defendant Officer Ortis indicated that additional arrests would be forthcoming.

The reply filed by the plaintiff as to the conduct of defendant Officer Ortis (Rec. Doc. 32) provides additional factual details concerning Ortis's alleged role in these events. Ortis was an investigator for the Mamou Police Department. As such, he was responsible for investigating crimes and putting together case files to send to the district attorney for prosecution. The plaintiff alleges that Ortis's investigation of this matter consisted solely of his review of certain e-mails sent by the plaintiff to the *Ville Platte Gazette*. After Ortis read the e-mails sent by the plaintiff to the *Ville Platte Gazette*, Ortis allegedly suggested, with no further inquiry, that the plaintiff be charged with criminal defamation. The plaintiff

5

alleges that he was arrested without Ortis investigating whether the plaintiff believed the information he conveyed to the newspaper was – or was not – true and without Ortis investigating whether the information set forth in the e-mails was communicated to any person or entity other than the *Ville Platte Gazette*.

More particularly, Ortis allegedly conveyed information about the e-mails to the District Attorney's office in order to obtain a warrant for the subpoena of the plaintiff's e-mails to the newspaper, and Ortis (together with Chief Dupuis) went to the newspaper office to collect the e-mails. Ortis allegedly recommended that the plaintiff be arrested on defamation charges, Ortis (together with Chief Dupuis) talked with the District Attorney's office, Ortis had a warrant and affidavit prepared, Ortis went to a judge to obtain an arrest warrant, and Ortis contacted the Franklin Police Department to request that the arrest warrant be executed. Thus, the plaintiff alleges that Ortis's actions led directly to his arrest and detention. The plaintiff further alleges that Ortis did not have probable cause to arrest him, rendering the arrest unlawful and violative of his First and Fourth Amendment rights.

6

## Analysis

One of the plaintiff's claims is that he was denied necessary medical attention during his detention due to the deliberate indifference of the defendant police officers. Neither the plaintiff's complaint nor the allegations described in his reply directly link Ortis to that claim.

On the other hand, however, the plaintiff's claims that his First and Fourth Amendment rights were violated rest in large part upon the factual allegations set forth in the plaintiff's reply concerning Ortis's actions. The allegedly limited nature of Ortis's investigation, his obtaining of the arrest warrant after doing nothing more than reading the e-mails sent by the plaintiff to the newspaper, and his request that the Franklin Police Department execute the warrant led directly to the plaintiff's arrest.

The general rule is that an arrest is unreasonable unless it is supported by probable cause.[2] Probable cause is defined as the facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, under the circumstances, that the suspect has

---

[2] *Williams v. Kaufman County,* 352 F.3d 994, 1007 (5th Cir. 2003), citing *Michigan v. Summers*, 452 U.S. 692, 700 (1981).

committed, is committing, or is about to commit an offense.[3] To determine whether the arresting officer had probable cause for the arrest, an objective standard is applied, "which means that we will find that probable cause existed if the officer was aware of facts justifying a reasonable belief that an offense was being committed."[4]

The plaintiff's allegations concerning the extent of the investigation performed by Ortis before obtaining a warrant for the plaintiff's arrest raise genuine issues as to the reasonableness and, therefore, the legality of Ortis's actions. Thus, the undersigned concludes that the plaintiff has "supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts."[5] Consequently, the undersigned further concludes that the plaintiff has met the heightened pleading requirement and that no Rule 7(a) Order is necessary with regard to defendant Ortis.

In *Shultea*, the Fifth Circuit stated:

---

[3] *Club Retro, L.L.C. v. Hilton,* 568 F.3d 181, 204 (5th Cir. 2009), citing *Piazza v. Mayne*, 217 F.3d 239, 245-46 (5th Cir. 2000).

[4] *Club Retro*, 568 F.3d at 204.

[5] *Schultea*, 47 F.3d at 1434.

8

>The district court may ban discovery at this threshold pleading stage and may limit any necessary discovery to the defense of qualified immunity. The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts. Even if such limited discovery is allowed, at its end, the court can again determine whether the case can proceed and consider any motions for summary judgment under Rule 56.

Having found that the plaintiff has pled a sufficient factual basis for his claims against defendant Ortis, the undersigned further finds that no order limiting discovery under *Schultea* is appropriate with regard to Ortis.

Signed at Lafayette, Louisiana on April 27th, 2010.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)