**RECEIVED**

OCT 2 6 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| BOBBY FELIX SIMMONS | CIVIL ACTION NO. 09-0663 |
| VERSUS | JUDGE DOHERTY |
| CITY OF MAMOU, ET AL. | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING

Pending before the Court is the Motion for Summary Judgment [Doc. 37] filed by defendants the Town of Mamou; Chief Greg Dupuis, individually and in his official capacity as Chief of Police of the Town of Mamou; Officer Todd Ortis, individually and in his official capacity as a police officer for the Town of Mamou; Officer Albert Moore, individually and in his official capacity as a police officer for the Town of Mamou; Officer David Charlie, individually and in his official capacity as a police officer for the Town of Mamou; and Officer Lucas Lavergne, individually and in his official capacity as a police officer for the Town of Mamou [hereinafter collectively referred to as "the defendants"]. The defendants argue they are entitled to judgment as a matter of law and seek dismissal of all of plaintiffs claims, including those claims for violation of plaintiff's First, Fourth, Fifth, and Fourteenth Amendment rights; false arrest; and inadequate medical care, pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff opposes the motion [Doc. 41], and defendants seek leave to file a reply brief [Doc. 42].

For the following reasons, defendants' Motion for Summary Judgment is DENIED for failure of the defendants to show they are entitled to the relief requested. This Court notes the following:

- In his complaint, the plaintiff lists the "defendants" as the City of Mamou, Greg

    Dupuis, Todd Ortis, Albert Moore, Davlid Charlie, and Lucas Lavergne. Plaintiff goes on to allege the specific facts of his arrest. In the following paragraphs, plaintiff alleges "*[d]efendants* violated the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution by unlawfully arresting and detaining Mr. Simmons for exercising his right to free speech, and by failing to provide him with adequate medical care."

- Despite the foregoing vague assertion that *all* defendants violated plaintiff's First, Fourth, Fifth, and Fourteenth Amendment rights, it is clear from the briefing in connection with the motion for summary judgment that not all of the defendant officers were involved in the arrest of the plaintiff; not all of the officers were involved in the detention of the plaintiff; and not all of the officers allegedly denied the plaintiff adequate medical care. Moreover, this Court cannot discern, based on either the pleadings filed or the Rule 7(a) Reply filed by the plaintiff, which defendants the plaintiffs alleges violated his First Amendment rights.

- In his Rule 7(a) Review of the plaintiff's complaint, the magistrate judge ruled the plaintiff had adequately supported his claim for inadequate medical care against Officers Moore, Charlie and Lavergne; adequately supported his false arrest claim against Chief Dupuis; and adequately supported his unlawful detention claim against Chief Dupuis and Officers Charlie and Lavergne. However, the magistrate judge ruled plaintiff's allegations against officer Ortis – who was merely alleged to have stated in an article concerning plaintiff's arrest that "additional arrests may be forthcoming" – was insufficient to satisfy the heightened pleading requirement. Therefore, the magistrate judge ordered that plaintiff file a Rule (7a) reply addressing the qualified immunity defense pled by Officer Ortis.

    Defendants filed a Rule 7(a) reply on March 24, 2010. In the reply, plaintiff clarified his allegations against Officer Ortis, alleging Officer Ortis was an investigator for the Mamou Police Department at the time of plaintiff's arrest; in that capacity, Officer Ortis was responsible for investigating crimes and putting together case files to send to the district attorney for prosecution; Officer Ortis investigated plaintiff's case, which investigation consisted only of his review of the emails sent by plaintiff to the *Ville Platte Gazette*; after reviewing these emails, Officer Ortis "suggested, with no further inquiry, that the plaintiff be charged with criminal defamation;" Officer Ortis conveyed information about the emails to the DA's office in order to obtain a warrant for the subpoena of the plaintiff's emails to the newspaper; and Officer Ortis, together with Chief Dupuis, went to the newspaper office to collect the emails. Plaintiff alleges Officer Ortis recommended plaintiff be arrested on defamation charges, talked to the DA about same, had a warrant and affidavit prepared, went to a judge to obtain an arrest warrant, and contacted the Franklin Police Department to request that the warrant be executed. Plaintiff claims there was no probable cause for his arrest, and that the arrest was therefore unlawful and violated plaintiff's First

and Fourteenth Amendment rights.

After review of the plaintiff's Rule 7(a) reply, the magistrate judge concluded the plaintiff pled sufficient facts in support of his "claims" against Officer Ortis. Again, however, the plaintiff has not specifically indicated which "claims" he is alleging against Officer Ortis. Based on the foregoing factual allegations, this Court cannot determine which specific constitutional violations Officer Ortis allegedly committed. The magistrate judge noted in his ruling the plaintiff failed to plead sufficient facts linking Officer Ortis to plaintiff's claims for denial of adequate medical care, but this Court does not and cannot know which other constitutional violations are alleged against Officer Ortis without additional clarification from the plaintiff.

Additionally, even after the filing of the plaintiff's Rule 7(a) Reply and the magistrate judge's review of same, this Court cannot determine which defendants the plaintiff alleges violated his First Amendment rights.

- Defendants compound the confusion in their motion for summary judgment by alleging the motion of behalf of *all* defendants, without differentiating which claims are alleged against which defendants, and which defendants seek dismissal of which claims. Defendants also have not made clear whether they seek qualified immunity with respect to *all* claims alleged against them. In their actual motion for summary judgment, defendants broadly argue they are entitled to qualified immunity; plaintiff's arrest was lawful; defendants' actions with respect to plaintiff's medical concerns were not deliberately indifferent; and defendants are entitled to judgment as a matter of law and a dismissal of *all* of plaintiff's claims against them. It is not until the defendant's memorandum in support of its motion for summary judgment that the defendants break down each specific claim (in terms of *constitutional violation* – not in terms of which claims for which violations are alleged against which defendants) and argue the specific relief they seek with respect to each specific claim.

   For example, with respect to plaintiff's Fourth Amendment claim (again, the defendants to which this claim pertains are not delineated by either the defendants in their motion or the plaintiff in his complaint), the defendants do not appear to seek qualified immunity, but rather, appear to seek dismissal of plaintiff's claim altogether, despite having broadly argued in the motion for summary judgment that defendants are entitled to qualified immunity. With respect to plaintiff's First Amendment claim (again, the defendants to which this claim pertains are not delineated by either the defendants in their motion or the plaintiff in his complaint), defendants include a heading in their brief arguing the claim fails and should be

3

dismissed, or, alternatively, the defendants are entitled to qualified immunity.[1] However, the defendants go on to argue only qualified immunity-based arguments – employing the unique standard for qualified immunity defenses in a summary judgment motion – and then concludes the section on qualified immunity by arguing the plaintiff's First Amendment claim should be dismissed altogether. Finally, the defendants do not appear to seek qualified immunity with respect to plaintiff's Fourteenth Amendment claims, despite having broadly argued in its motion for summary judgment that it is entitled to qualified immunity, but rather, appears to argue only these claims should be dismissed as a matter of law.

- With respect to plaintiff's First Amendment claim – which, again, has not been pled with specificity as to which defendants violated plaintiff's First Amendment rights – it appears the "defendants" argue they are entitled to qualified immunity as an alternative basis for relief. However, it is axiomatic the defense of qualified immunity does not apply to either municipalities or government officials sued in their official capacities. As the Fifth Circuit explained in *Universal Amusement Co., Inc. v. Hofheinz*, 646 F.2d 996, 997 (5th Cir. 1981):

  > [A] local governmental entity sued under s1983 may not assert a good faith immunity defense. *Owen*, 445 U.S. at 638, 100 S.Ct. at 1409, 63 L.Ed.2d at 685-86. It necessarily follows that since actions for damages against a party in his official capacity are, in essence, actions against the government entity of which the officer is an agent, *Monell v. Department of Soc. Serv.*, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2036 n. 55, 56 L.Ed.2d 611, 635 n. 55 (1978), [g]overnment officials sued in their official capacity may not then assert good faith immunity as a defense. *Briscoe*, 619 F.2d at 403, n. 12.

  *See also Kentucky v. Graham*, 473 U.S. 159, 167, 105 S.Ct. 3099, 3106, 87 L.Ed.2d 114 (1985) (noting personal immunity defenses are unavailable in an official-capacity action). However, the "defendants" – including the Town of Mamou -- argue they are entitled to qualified immunity and seek dismissal of *all* claims against

---

[1] This Court has question as to the meaning of the heading, which states:

> Plaintiff's First Amendment fails, as he had no constitutional right to make criminal defamatory statements or, in the alternative, defendants are entitled to qualified immunity.

The foregoing heading gives this Court pause, as the analysis for qualified immunity – provided as the "alternative remedy" – actually includes the element stated as the "primary" demand, that is, whether the plaintiff alleges evidence showing the defendant's complained-of conduct violated plaintiff's constitutional rights.

4

them, without noting they have been sued in both their individual and official capacities. Considering the foregoing, the defense of qualified immunity urged by "defendants" as the basis of their request for dismissal of plaintiff's claims can apply only to plaintiff's claims against the defendant officers in their **individual** capacities, yet the motion for summary judgment does not indicate in any manner which defendants seek qualified immunity and in which capacity.

- Finally, although the plaintiff alleges a violation of his Fifth Amendment rights, no party addresses which claims alleged against the defendants fall within the confines of the Fifth Amendment, despite the fact that defendants move for dismissal of *all* of plaintiff's claims in their motion for summary judgment.

Considering the foregoing, this Court finds the motion for summary judgment cannot be ruled on as filed, as defendants have failed to satisfy their burden of showing they are entitled to the relief requested. Considering the foregoing, the motion is DENIED.

Considering the present posture of this matter, IT IS ORDERED that, on or before November 9, 2010, plaintiff shall file an outline of all pending claims in this matter in accordance with the Outline Requirements attached hereto as Attachment "A." Defendants are to respond on or before November 16, 2010 in accordance with the instructions contained in the Outline Requirements attached hereto as Attachment "A."

THUS DONE AND SIGNED at Lafayette, Louisiana, this ___26___ of October 2010.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

5